# FRANKLIN BUILDING & LOAN CO. v. PEPPARD et al.

No. 6103.   Decided September 19, 1939.   (93 P. 2d 925.)

*O. A. Tangren,* of Salt Lake City, for appellant.

*Thomas & Dahlquist* and *Irvine, Skeen & Thurman,* all of Salt Lake City, for respondents.

LARSON, Justice.

An appeal from the District Court of Millard County upon the judgment roll, presenting only the question as to whether the conclusions of law are supported by the findings of fact, and as to whether the judgment entered pursuant to such conclusions of law can be sustained. The essential facts as found by the court, so far as pertinent here, are: Plaintiff, hereinafter called appellant, is a Utah corporation; defendant, Pacific States Building and Loan Company, hereinafter called respondent, is a California corporation. In August, 1926, fee simple title to the lands involved in this action was in defendants M. H. Workman and Edna H. Workman, who mortgaged the same to respondent. The mortgagors, Workman, defaulted in payment of taxes, insurance and installments on such mortgage in March, 1928. In that month the Bonneville Lumber Company commenced an action in the District Court against both appellant and respondent here with other defendants to foreclose a mechanic's and materialman's lien on the property, in which action a decree was entered directing a sale of the property, and *forever debarring and foreclosing* the respondent from asserting any interest or equity in the lands ordered sold. The property was sold under that decree, and in the action now before us the court made the following Finding of Fact:

"* * * which said sheriff's sale was made on the 4th day of May, A. D. 1928, and no redemption was made by any defendant in said action from said sheriff's sale. That after said sheriff's sale had been conducted the said defendant Pacific States Savings and Loan Company filed a motion in said mechanic's lien foreclosure proceedings seeking to set aside said sheriff's sale and said motion was denied and said sale held good and valid. That by said foreclosure proceedings and the order and decree upholding said sheriff's sale, the defendant Pacific States Savings and Loan Company was divested of all right, title and interest in and to said property described in said decree and order of sale and all rights given to them by the terms of said mortgage respecting said property and the judgment in said mechanic's lien foreclosure became res adjudicata."

No appeal was prosecuted from that judgment and it is not questioned here. In due time through a series of mesne conveyances the property passed into the hands of appellant. The court further found that appellant and its predecessors in interest have been in possession of the property since April 11, 1930; that at the time respondent received the Workman mortgage,

"* * * the said company was doing business within the State of Utah within the meaning of Section 945 Compiled Laws of Utah, 1917, as amended by Chapter 41, Laws of Utah, 1925. That one of the purposes for which the said company was organized was to carry on a savings and loan business in the State of Utah and that at the date of the Workman note the company was engaged in making loans in the State of Utah to residents of Utah and to secure said loans, were taking real estate mortgages on property in the State of Utah.

"(15) That the said defendant, Pacific States Savings and Loan Company, had not, in 1926, nor has it at any time since, filed with any county clerk in Utah a copy of its Articles of Incorporation or its by-laws; that said defendant has not at any time filed with any county clerk in Utah or with the Secretary of State of Utah any acceptance of the provisions of the Constitution of this State; that said defendant has not at any time filed with any county clerk in Utah a designation of any person upon whom legal process may be served."

"That, in accordance with the terms of said mortgage, the said last named defendant paid taxes on said premises as follows: On November 16, 1931, the sum of $344.42, and on May 13, 1935, in the sum of $807.19. That no part of said sums has been repaid to said defendant."

"(16) That it is not shown by the evidence herein that the defendant Pacific States Savings and Loan Company was doing business in the State of Utah in the years 1931 and 1935, at which time it paid taxes upon the property herein involved. That the payment of said taxes was incident to, and provided for, under the terms of the mortgage from M. H. Workman and Edna H. Workman, his wife, as mortgagors to Pacific States Savings and Loan Company, mortgagee, under date of August 4th, 1926."

The property involved, situated in Delta, Millard County, is 214.5 feet north and south by 50 feet 7 inches east and west. During all times referred to in this action there was upon the land a building which covered the full width of the land. The mortgage made to respondent correctly described

the land. In the mechanic's lien foreclosure, referred to supra, and all subsequent conveyances the property was erroneously described at 214.5 feet long by 47.5 feet wide, thus omitting from the description a strip 3 feet and 1 inch wide along the east side.

Such are the undisputed and unassailed facts as found by the court, and from them the court concluded: (1) That respondents' mortgage was unenforcible; (2) that the judgment in the mechanic's lien case foreclosed respondent of any interest in the west 47.5 feet of the property; (3) that the payment of taxes in 1931 and 1935 was not "doing business" and respondent may therefore claim reimbursement for the taxes paid; (4) that appellant is entitled to a decree quieting its title against respondent subject only to a lien for reimbursement for the taxes paid, in the sum of $1151.61 with accumulated interest. Judgment was entered accordingly and respondent was given his costs. Appellant assails the conclusions of law and judgment as to respondents' recovering taxes and costs with a lien therefor on the property.

There is thus presented for our decision the following questions: (a) Can a mortgagee under a mortgage that is wholly void for all purposes enforce in the courts of this state any rights or claims founded upon or growing out of such mortgage? (b) If (a) be answered in the negative, can a stranger to the title to property, an intermeddler, who voluntarily pays taxes thereon, recover the same from the owner? (c) If (b) be answered in the affirmative, is such person entitled to a lien on the property for the taxes so paid?

We enter upon consideration of this question over the threshold that respondents' mortgage was unenforcible and void, and respondent could not set up in any court of this state or sue or defend on such mortgage or on *any claim, interest, or demand* arising, or growing out of, or founded on such mortgage or contract. The trial court found the foregoing to be the facts and drew the conclusions of law necessary to uphold the same from the facts as found. Neither such findings nor conclusions are ques-

tioned here, and as this appeal is on the judgment roll we must accept such findings and conclusions as absolute and controlling and governing this cause. And there seems no escape therefrom were we inclined to examine into them, because the statute (Section 18-8-5, R. S. U. 1933) reads that any foreign corporation in the position of respondent with respect to its mortgage,

"shall not *sue, prosecute* or *maintain any action, suit, counterclaim,* cross complaint or *proceeding* in any of the courts of this state *on any claim, interest or demand arising or growing out of or founded on any contract, agreement or transaction* made or entered into in this state by such corporation or by its assignor or by any person from, through or under whom it derives its interest or title or any part thereof, *and shall not take, acquire or hold title, possession or ownership of property, real, personal or mixed, within this state; and every contract, agreement and transaction whatsoever* made or *entered into by* or on behalf of any such corporation *within this state* or to be executed or performed within this state *shall be wholly void on behalf of such corporation and its assignees and every* person deriving any interest or title therefrom, * * *." (Italics added.)

In *First National Bank* v. *Parker,* 57 Utah 290, 194 P. 661, 12 A. L. R. 1373, and *Dunn* v. *Utah Serum Co.,* 65 Utah 527, 238 P. 245, 250, we interpreted the statute stating in the last case:

"The facts above mentioned bring the case squarely within the operation of the provisions of section 947, supra, as interpreted and applied by this court in *First National Bank* v. *Parker,* supra, and lead us to the inevitable conclusion that appellant's note and mortgage are void, and that appellant has no right to set them up in the courts of this state as the basis of a counterclaim or cross-complaint."

In the case before us the trial court found and held that respondents' mortgage was void and unenforceable; that the mortgage conferred upon respondents among other rights that of recovering from the mortgagor any taxes it paid on the property, and securing such recovery by a lien on the land. It further found and held that it was under and by virtue of this right under the

mortgage that respondent paid the taxes in 1931 and 1935. Respondents' right, if any, to recover these taxes and to have them made a lien on the property is a "right, interest, or claim or demand arising, growing out of or founded upon" the mortgage, and as such under the statute, the findings and conclusions of the court which are unassailed cannot be enforced or asserted in any court of this state. And of course except for the fact that the mortgage contract conferred or attempted to confer such right on respondent, it would have no right at law either to recover the taxes paid from the owner of the land, or to impress a lien on the land to secure such payment. An interloper, an intermeddler, or a voluntary payer of another's taxes without legal interests in the property, or contractual rights with the owner, cannot recover at law taxes so paid, nor impress liens on the property therefor. The rule governing such matters is stated in 61 C. J. Section 1226, as follows:

"Payment by Stranger. Payment of taxes by a stranger, a mere volunteer or intermeddler, will divest the lien and inure to the benefit of the owner, but it cannot be made the foundation of any right or claim on the part of such third person."

And the same text Section 1227, p. 951, says:

"* * * So, payment of taxes by a person who knows, or is charged with knowledge, that he has not title to land, cannot be the foundation of any right or claim on the part of such third person, unless adopted or ratified by the owner."

And the California Court in the late case, *McMillan* v. *O'Brien*, 219 Cal. 775, 29 P. 2d 183, 184, 91 A. L. R. 383, similar to the present one, but stronger on facts for the claimant, said:

"It is the general rule that there can be no recovery for a voluntary payment of the debt of a third party without request and with no promise of repayment by the party whose debt is paid, and it was apparently upon the theory that the defendant was a mere volunteer that the trial court refused him any relief. * * *

"We have examined all of the cases cited, both from other jurisdictions and those of our state, and are of the opinion that respon-

dent is correct in her contention that California holds to the rule that one paying taxes under a mistaken belief in his own ownership is a volunteer, and that therefore the judgment of the trial court quieting title in plaintiff, and decreeing that defendant had no right, title, claim, interest, or estate whatever, in said property is correct. * * *

"The case of *Stanley* v. *Westover* [93 Cal. App. 97, 269 P. 468], supra, involves the question of a mistake of ownership, and, in our opinion, controls the decision of the instant case. Plaintiff Stanley in that case brought an equitable action to set aside a McEnerney decree in favor of the defendant Westover, and to quiet his title. Westover had acquired his title to the property from the Sonoma Lumber Company, which had purchased it at an execution sale. The defendant Westover and his predecessors had paid taxes on the property over a period of years. The court held that the defendant was not entitled to any reimbursement for the taxes so paid, and quieted the title in plaintiff free of any claim for such taxes. The court in so holding cited and relied upon the case of *Iowa Homestead Co.* v. *Valley Railroad Co.*, 84 U. S. (17 Wall.) 153, 21 L. Ed. 622, in which the United States Supreme Court held that taxes paid by an unsuccessful litigant during litigation over the title to property could not be recovered from the successful litigant. It is true that in both the cases of *Stanley* v. *Westover*, supra, and *Iowa Homestead Co.* v. *Valley Railroad Co.*, supra, the mistake which motivated the paying of the taxes was a belief in the validity of a questioned title, whereas, in the instant case, the mistake which motivated the paying of the taxes was a belief in the validity of a title to property which without question belonged to another. In the other cases it required an adjudication by a court to determine the lack of ownership in those paying the taxes, whereas in the instant case a mere examination of the records would have disclosed the fact that those paying taxes were not the true owners. In both instances, the mistake on the part of those paying the taxes consisted of a mistaken belief in their ownership of the property. We therefore reach the conclusion that since in fact the defendant herein and his predecessors in interest did not in fact have any rights or interests in the property on which they, through a mistaken belief in its ownership, paid taxes, they are not entitled to equitable subrogation."

These conclusions make it unnecessary to note any further matters or questions in the record. It follows therefore that the conclusions of law in so far as favorable to respondent are not sustained by, and are not deducible from the facts as found by the court, and the judgment therefore is

not sustained and supported by the findings of fact. The judgment is reversed and the cause remanded to the trial court with directions to make conclusions of law in harmony with the views herein expressed and enter a judgment accordingly. Appellant to recover costs.

MOFFAT, C. J., and PRATT, J., concur.

WOLFE, Justice (concurring).

I concur, but I think the result may be reached by holding that after respondents' interest in the Workman mortgage was foreclosed in 1928 without redemption as found by the court, and which finding is conclusive, the respondent was a stranger to the title. Hence, payment of taxes, while a stranger to the title, cannot be recovered. I think it unnecessary to enter into the question of whether the Workman mortgage was valid, or not, or what were respondents' rights under it, if any, in the foreclosure of the mechanic's lien suit. It will be noted that Section 18-8-5, R. S. U. 1933, does not forbid an unqualified corporation from defending, except where the defense involves asking for something on a counterclaim or cross complaint, themselves a species of suing, prosecution, or maintaining an action or proceeding. There is nothing in the section which prevents a non-qualifying corporation from defending in an action where another seeks recovery on an interest, claim or demand arising out of a contract, agreement or transaction made with such corporation, excluding of course the right to defend on the ground that the contract was void because one of the parties was a non-qualifying corporation. The statute was meant to withhold from non-qualifying corporations the right to use the courts to enforce or assert a claim. Although the non-qualifying corporation may not resort to the courts to enforce a claimed right, it still may defend itself against such claim by another, except that it may not set up its own failure to qualify as a basis of its defense. But I think any exploration into the effect of Section 18-8-5 un-

necessary. It is only because the opinion states that respondent "could not set up in any court of this state or sue or *defend* [italics added] on such mortgage or on *any claim, interest, or demand* arising, or growing out of, or founded on such mortgage or contract", that I make the above observations.

While I think in this case the respondent was a stranger to the title in 1931 and 1935 when it paid the taxes and thus paid them as a volunteer, at this time I would not like to commit myself as to whether a party in the position of Westover in case of *Stanley* v. *Westover,* 93 Cal. App. 97, 269 P. 468, considered in the case of *McMillan* v. *O'Brien,* 219 Cal. 775, 29 P. 2d 183, 91 A. L. R. 383, and quoted from in the main opinion would be entitled to reimbursement. While one paying taxes under a pure misapprehension or mistaken idea that he was owner would be paying as a volunteer, I had the idea that one paying under color of title or right would be protected in payment of taxes where ousted by another, even though it turned out that the former had no right whatsoever. I do not care at this time to say whether the case of *Stanley* v. *Westover,* supra, is law in this jurisdiction because I do not think it necessary. While I doubt if the main opinion intends to lay down any law in respect to the matter touched on in the reservations of this concurring opinion, I write it for the purpose of stating my position quite plainly.

McDONOUGH, Justice (concurring).

I concur on the grounds stated in the opinion to the effect that by reason of the judgment in the mechanics' lien foreclosure action and the sale made pursuant thereto from which no redemption was effected, the respondent was at the time of paying the taxes in question a stranger to the title and its payment thereof merely voluntary and, hence, not recoverable.